IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L DIXIE, | No C-09-2165 VRW (PR) |
| Plaintiff, | |
| v | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| JAMES TILTON, et al, | |
| Defendant(s). | |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint under 42 USC section 1983 alleging that the California Department of Corrections and Rehabilitation ("CDCR") and its officials have been deliberately indifferent to his serious medical needs.  Specifically, plaintiff claims he was denied dental care from July 11, 1996 to October 18, 2004 and that as a result he now has periodontal disease and tooth loss.  In his complaint, plaintiff names as defendants former CDCR secretary James Tilton, former CDCR director of Prison Health Services Peter Farber-Szekrenyi, former CDCR chief dentist of Adult Operations and Programs William Kuykendali, and the CDCR itself.

Plaintiff seeks damages.  Doc #1 at 3.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 USC § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC section 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v Atkins</u>, 487 US 42, 48 (1988).

A

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  <u>Estelle v Gamble</u>, 429 US 97, 104 (1976).  A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  <u>McGuckin v Smith</u>, 974 F2d 1050, 1059

1  (9th Cir 1992) (citing Estelle, 429 US at 104), overruled in part on
2  other grounds by WMX Technologies, Inc v Miller, 104 F3d 1133, 1136
3  (9th Cir 1997) (en banc).  A prison official is "deliberately
4  indifferent" if he knows that a prisoner faces a substantial risk of
5  serious harm and disregards that risk by failing to take reasonable
6  steps to abate it.  Farmer v Brennan, 511 US 825, 837 (1994).

                                       B

9  Liability may be imposed on an individual defendant under
10 section 1983 if the plaintiff can show that the defendant
11 proximately caused the deprivation of a federally-protected right.
12 See Leer v Murphy, 844 F2d 628, 634 (9th Cir 1988); Harris v City of
13 Roseburg, 664 F2d 1121, 1125 (9th Cir 1981).  Sweeping conclusory
14 allegations will not suffice; the plaintiff must instead "set forth
15 specific facts as to each individual defendant's" deprivation of
16 federally-protected rights.  Leer, 844 F2d at 634.  Even at the
17 pleading stage, "[a] plaintiff must allege facts, not simply
18 conclusions, that show that an individual was personally involved in
19 the deprivation of his civil rights."  Barren v Harrington, 152 F3d
20 1193, 1194 (9th Cir 1998).  Although the federal rules require
21 brevity in pleading, a complaint must be sufficient to give the
22 defendants "fair notice" of the claim and the "grounds upon which it
23 rests."  Erickson v Pardus, 551 US 89, 93 (2007) (citations
24 omitted).  District courts, however, must afford pro se prisoner
25 litigants an opportunity to amend to correct any deficiency in their
26 complaints.  Lopez v Smith, 203 F3d 1122, 1126-27 (9th Cir 2000) (en

banc).

### C

Liberally construed, plaintiff's allegations appear to state a section 1983 claim for deliberate indifference to his serious medical needs. But his complaint is deficient in that he fails to set forth specific facts showing how each individual defendant proximately caused the deprivation of a federally-protected right. As a result, he will be afforded an opportunity to amend his complaint within thirty days.

## II

For the foregoing reasons, plaintiff's complaint is DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT containing all related claims against all defendants that plaintiff wishes to proceed against in this action. The pleading must be simple, concise and direct and must state clearly and succinctly how each and every defendant is alleged to have violated plaintiff's federally-protected rights. See Leer, 844 F2d at 634; Harris, 664 F2d at 1125. The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page. Failure to file a proper first amended complaint within thirty days of this order will result in the dismissal of this action.

Plaintiff is advised that the first amended complaint will supersede the original complaint and all other pleadings. Claims

1  and defendants not included in the first amended complaint will not
2  be considered by the court.  See <u>King v Atiyeh</u>, 814 F2d 565, 567
3  (9th Cir 1987).

                IT IS SO ORDERED.

                                    _____
                                    VAUGHN R WALKER
                                    United States District Chief Judge

G:\PRO-SE\VRW\CR.09\Dixie-09-2165.dwlta.wpd